Nyari v Onefater (2020 NY Slip Op 01071)





Nyari v Onefater


2020 NY Slip Op 01071


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-07543
 (Index No. 504815/17)

[*1]Ildiko Nyari, appellant,
v
Mikhail Onefater, et al., respondents.


Ildiko Nyari, New York, NY, appellant pro se.
Lowenthal PC, Brooklyn, NY (Steven Lowenthal of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for wrongful eviction and to vacate an order allegedly issued by the Civil Court of the City of New York, the plaintiff appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 3, 2017. The order, upon, in effect, deeming a portion of the complaint as a motion by the plaintiff to vacate an order allegedly issued by the Civil Court of the City of New York, denied the purported motion and, sua sponte, directed the dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs.
On this extremely sparse record, we discern no valid legal basis upon which the Supreme Court could have seen fit, in effect, to deem a portion of the pro se plaintiff's complaint as a "motion" by her to vacate an order allegedly issued by the Civil Court of the City of New York and, thereafter, to deny that motion on the merits and, sua sponte, direct the dismissal of the complaint.
To the extent the defendants' brief on appeal refers to matter dehors the record, we have not considered it.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court